**UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| v. | Criminal No. 21-106 (TJK) |
| JEROD HUGHES | |
| Defendant. | |

**DEFENDANT'S SUPPLEMENTAL MOTION FOR MODIFICATION OF OF BOND TO PLACE THE DEFFENDANT ON CONDITIONAL RELEASE PENDING TRIAL**

The parties appeared before this Court on April 1, 2021, for a bond hearing. Prior to the hearing a report was filed by the Pretrial Services which flushed out particulars of a criminal history. The Court afforded the defense a chance to discuss the particulars of that record and address those particulars with the Court via a filing. Having consulted with defendant the defense files this Supplement.

As noted previously, defendant has two felony, controlled substance convictions that date back to 2005 when defendant was 20 years old. At the time those incidents arose the defendant had a substance abuse addiction

which led to his involvement in that activity, a pattern which is familiar to the Court. On June 25, 2005, defendant was arrested and charged with Possession With Intent to Distribute, received a deferred sentence and placed on probation. On December 23, 2005, Defendant was charged with Distribution of a Controlled Substance. Defendant's probation from the prior case was revoked based on the second arrest. He received a consecutive sentence in both cases and was placed in a residential "boot camp" program which he successfully completed. He was placed on probation supervision for approximately 7 or 8 years which he also successfully completed. Defendant's ability to successfully complete both boot camp and probation shows that he is amenable to supervision in the community. He has come to terms recovering from his substance abuse addiction and it has not been an issue in the intervening years.

As noted in the PSR the defendant has 3 misdemeanor convictions. The first is 12/23/05. This is the same date[1] defendant was arrested for the second controlled substance abuse offense referenced above. Defendant advises this event occurred while defendant was in custody at the local jail.

---

[1] Defendant believes this date is not correct. His recollection is that the event occurred shortly after he was arrested but not the same date as the controlled substance arrest.

He became involved in an altercation with another inmate in the facility shortly after he arrived there. As noted in the PSR defendant pleaded guilty on 1/3/06 and received a sentence with all but 2 days suspended, essentially time served. Defendant's recollection is that there was a joint disposition reached where both participants in the dispute pleaded guilty to Disorderly Conduct and the case was resolved.

The second misdemeanor conviction was for assault on 7/13/2013. Defendant was in a bar, he and another patron got into an argument that led to a fight. Both had been drinking. Both pleaded guilty to assault, paid a fine and no jail time. Defendant realized that his alcohol consumption had become an issue and sought to come to terms with that issue after his arrest. Defendant notes that in that instance defendant was not arrested on the scene. He learned after the fact that there was a warrant for him in connection with that incident and turned himself in rather than waiting for the police to arrest him. This voluntary surrender, like the voluntary surrender in the case at bar suggests defendant is amenable to community supervision and cooperative with law enforcement.

The third misdemeanor occurred April 25, 2015. At time defendant worked at a Casino in Montana. He was a patron at another Casino owned by the same company. He got involved in a dispute with an employee. Both

were charged. An agreement was reached where both pleaded guilty to "disorderly conduct," paid a fine and there was no executed jail time. Defendant successfully completed whatever term of supervised release/probation was imposed.[2]

The defense recognizes that defendant's record may raise some concern.   Defendant notes that the more serious charges, the felonies, arose out of a controlled substance addiction over 15 years ago that defendant has recovered from and that has not been an issue for approximately 15 years.  In the interim there have been 3 misdemeanors which reflect less disturbing/dangerous conduct.   Most significantly defendant has appeared at all court appearances when ordered to do so and successfully completed all periods of supervision. This is strong indicia that Defendant is amenable to supervision in the community, therefore, likely to comply with any conditions of release the Court imposes.

## APPLICATION OF THE FACTORS RECENTLY ARTICULATED BY THE DC CIRCUIT COURT OF APPEALS

On March 26, 2021, the United States Circuit Court of Appeals issued an opinion in the case of two codefendants who had been preventively

---

[2] Defendant notes that upon review by the Casino Management the defendant retained his employment. The other employee involved was terminated.

detained based on "dangerousness" following their arrest for activities arising from the events on January 6, 2021, at the Capital. See *United States v. Munchel*, No. 21-3010 (D.C. Cir. March 26, 2021). The decision provides significant guidance for the District Courts in its analysis of pretrial detention decisions particularly in relation to the hundreds of defendants arrested in connection to the events of January 6, 2021, at the United States Capital. In *Munchel*, the defendant had participated in the activities of January 6th at the United States Capital in a much more significant manner than defendant Jerod Hughes. Munchel, along with his co-defendant/mother, rallied at the Capital wearing military-style tactical gear. Prior to entering the building, they are heard in recordings discussing their desire to enter the building and their need to leave their weapons outside. Upon entry, Munchel acquired zip ties, entered the House chamber, and discussed a desire to take the Speaker's gavel. Further, Munchel and his co-defendant both gave statements to media in the following days indicating a lack of remorse for their actions and their potential desire to act in a similar manner moving forward. Subsequent to January 6, 2021, Munchel sought to join the Proud Boys.

In making its determination on dangerousness, the District Court stated that "Munchel's alleged conduct indicates that he is willing to use force to promote his political ends," and that "[s]uch conduct poses a clear risk to the

community." *United States v. Munchel*, No. 1:21-CR-118-RCL, 2021 WL 620236 at *6 (D.D.C. Feb. 17, 2021). However, the D.C. Circuit found that the trial court "did not explain how it reached that conclusion notwithstanding the countervailing finding that 'the record contains no evidence indicating that, while inside the Capital, Munchel or [his co-defendant] vandalized any property or physically harmed any person'… and the absence of any record evidence that either Munchel or [his co-defendant] committed any violence on January 6." *Munchel*, No. 21-3010 at *18. The D.C. Circuit continued, "[i]n our view, those who actually assaulted police officers and broke through windows, doors, and barricades, and those who aided, conspired with, planned, or coordinated such actions, are in a different category of dangerousness than those who cheered on the violence or entered the Capitol after others cleared the way." *Id*. at 19.

In the instant case defendant's actions regarding violence were less significant than defendant in the cited case. Hughes did not prepare for the events by donning tactical care nor is he ever alleged to have armed himself with a weapon. He did not obtain "zip ties," as did Munchel, he did not express a desire to "steal a gavel," he did not make statements afterwards to the media indicating an intent to engage in future similar acts to further the objectives of the insurrection. He never attempted to join any group like the

Proud Boys that sought to further the same goals as the insurrection. He played no role in planning the disturbance nor is he a member of any group or organization.

Similar to the defendants in *Munchel,* defendant never used violence against any person on January 6, 2021. He also entered the Capital after another protester broke a window to gain entry. Once inside the Capital he did not try to assault anyone nor steal any property.[3]

The D.C. Circuit also found that the trial court failed to consider, but should have considered, the unique circumstances and large crowds that made the actions of the defendants possible on January 6. *Id*. Without those unique circumstances, the alleged conduct of defendants would not have been possible and are, therefore, unlikely to pose a threat of reoccurring in the future.

When rendering its order on bond in the instant case, this court did not have the benefit of the guiding factors from *Munchel* to aid its consideration. Additionally, the court now has the benefit of comparing Mr. Hughes alleged involvement and perceived dangerousness in comparison to other January

---

[3] It is alleged that he, along with another protester, kicked a door which enabled others to more easily enter the Capital.

6 defendants to guide its decision. Given the court's stated recognition that this was a very close call on bond and the newly enunciated considerations from the *Munchel* decision, it is necessary for the court to consider its bond decision for appropriate evaluation of the *Munchel* factors. Application of those factors warrants release.

It is only "when the Government proves by clear and convincing evidence that an arrestee *presents an identified and articulable threat* to an individual or the community, we believe that, consistent with the Due process Clause, a court may disable the arrestee *from executing that threat*. Munchel citing <u>US v. Salerno</u> 451 US, 739, 751 (1987) That standard has not been met in the instant case. There is not clear and convincing evidence of an identified and articulable threat to an individual or the community. Rather, the prosecution seeks to rely on the possibility defendant may again engage in similar conduct if released.

**WHEREFORE**, for the foregoing reasons, and any others which may appear at a full hearing on this matter, and any others this Court deems just and proper, defendant through counsel, respectfully requests that this court reconsider its decision to hold defendant without bond pending trial and that he be released on conditions.

Respectfully submitted,

_____/s/_____

Jonathan Zucker # 384629

37 Florida Av. NE

 Suite 200

Washington, DC  20002

(202) 624-0784

jonathanzuckerlaw@gmail.com

*Counsel for Jerod Hughes*

## CERTIFICATE OF SERVICE

I certify that on April 6, 2021,  I caused a copy of the foregoing Motion and Memorandum to be filed with the Clerk using the CM/ECF System which will send notification of this filing to all parties.

Courtesy copies were sent by email to the assigned AUSA.

_____/s/_____

Jonathan Zucker