UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA

    v.                            Crim No. 21-cr-106 (TJK)

JEROD HUGHES

    Defendant.

## MOTION TO DISMISS INDICTMENT

Defendant Jarod Hughes, by and through counsel, and pursuant to Fed.R.Crim.P. 12(b)(3) respectfully requests that the Court dismiss Count Two of the indictment because it fails to state an offense.  In support of this motion defendant submits the following points and authorities.

## Background

On February 10, 2021, 2021, Mr. Hughes and his brother were indicted on nine counts arising from the events at the Capitol on January 6, 2021.  Of relevance to the instant motion is Count Two which alleges that Mr. Hughes,

> attempted to, and did, corruptly obstruct, influence, and impede *an* official proceeding, that is, a proceeding before Congress, by entering and remaining in the United States Capitol without authority and committing an act of civil disorder, destroying and attempting to destroy Government property, entering the Senate floor, and engaging in disorderly and disruptive conduct and destroying federal property.
>
> (**Obstruction of an Official Proceeding and Aiding and Abetting,** in violation of Title 18 United States Code, Section 1512(c)(2) and 2)

Indictment, ECF 3. Section 1512(c) provides that,

> [w]hoever corruptly—
>
> (1) alters, destroys, mutilates, or conceals a record, document, or other object, or attempts to do so, with the intent to impair the object's integrity or availability for use in an official proceeding; or
> (2) otherwise obstructs, influences, or impedes any official proceeding, or attempts to do so, shall be fined under this title or imprisoned not more than 20 years, or both.

18 U.S.C. § 1512(c). The term "official proceeding" includes proceedings before federal judges, grand juries, and Congress. *Id.* §§ 1515(a)(1)(A) & (B). Like § 1503, which was at issue in *Aguilar*, § 1512(c)(2) penalizes one who "corruptly" obstructs, influences, or impedes. Like § 1512(b)(2), which was at issue in *Arthur Andersen*, § 1512(c)(2) makes an "official proceeding" the forbidden target of the penalized activity.

## Legal Standards

An indictment is sufficient and properly states an offense if it: 1) contains the elements of the offense charged; 2) fairly informs a defendant of the charge against which he must defend; and 3) enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense. *Hamling v. United States,* 418 U.S. 87, 117 (1974).   The sufficiency of an indictment implicates "at least two core constitutional protections": (1) the Sixth Amendment's right of an individual accused of a crime "to be informed of the nature and cause of the accusation" and (2) the Fifth Amendment's guarantee that a criminal defendant

may only be prosecuted for offenses, the elements of which have been considered and found to exist by a grand jury such that the defendant may not be subject to multiple prosecutions for the same offense.  *United States v. Hillie,* 227 F.Supp.3d 57, 69-70 (D.D.C. 2017).

When considering the sufficiency of the charge in an indictment, a court "'is limited to reviewing the *face* of the indictment and, more specifically, the *language* used to charge the crimes.'" *Id.* at 71 (quoting *United States v. Sunia*, 643 F.Supp.2d 51, 60 (D.D.C. 2009) (emphasis in original)).  When considering just the face of the indictment and the language used in Count Two, that count of the indictment is insufficient and must, therefore, be dismissed on that basis alone.

## I.  Count Two Must be Dismissed Because It Fails to Allege The Nexus Element of the Offense

"In an indictment upon a statute, it is not sufficient to set forth the offence in the words of the statute, unless those words of themselves fully, directly, and expressly, without any uncertainty or ambiguity, set forth all the elements necessary to constitute the offence intended to be punished; …" *United States v. Nance*, 533 F.2d 699, 701 (D.C. Cir. 1976)(quoting *United States v. Carll,* 105 U.S. 611, 612 (1881)).  Section 1512(c)'s use of the term "corruptly" renders the statute unconstitutionally vague as applied to defendant's alleged conduct.

The DC Circuit has previously held that the term "corruptly" was unconstitutionally vague where the defendant was prosecuted under a different

obstruction statute, 18 U.S.C. § 1505, which made it a crime to attempt to influence Congress "corruptly."[1] *United States v. Poindexter*, 951 F.2d 369, 379 (D.C. Cir. 1991). Looking at various dictionary definitions of the term the Court "acknowledge[d] that, on its face, the word 'corruptly' is vague; that is, in the absence of some narrowing gloss, people must 'guess at its meaning and differ as to its application.'" *Id.* at 378.

After *Poindexter* was decided, the Supreme Court addressed the then predominant general obstruction of justice statute, 18 U.S.C. § 1503, ruling that it included a "nexus" requirement. *United States v. Aguliar,* 515 U.S. 593, 599-600 (1995). That requirement limits the scope of actions for which a defendant can be criminally liable by requiring an "intent to influence judicial or grand jury proceedings"; that is, "the [obstructive] act must have a relationship in time, causation, or logic with the judicial proceedings" allegedly obstructed. *Id.* At 599.

Applying the nexus requirement to the now predominant general obstruction of justice statute, 18 U.S.C. §1512(c) the Fourth, Fifth and Eleventh Circuits

---

[1] *Poindexter* was superseded in significant part by the False Statements Accountability Act of 1996, Pub. L. No. 104-292, 110 Stat. 3459. As codified at 18 U.S.C. § 1515(b), the Act provides that the term "corruptly" in § 1505 "means acting with an improper purpose, *personally or by influencing another,* including making a false or misleading statement." (Emphasis added.) That definition, however, is limited to §1505.

conclude that "knowledge that [one's] actions are likely to affect" an official proceeding is an essential element of §1512(c)(2) obstruction of justice. Here, count Two tracks the "corruptly" language of §1512(c)(2) but fails to allege the requisite "nexus" between the alleged conduct and a known, obstructive effect on a proceeding before Congress.   Accordingly, Count Two should be dismissed.

## II.  Count Two Must be Dismissed Because it Fails to Specify the "Proceeding Before Congress" that Mr. Hughes Allegedly Obstructed

The indictment also fails to identify the specific proceeding before Congress that defendant is alleged to have or attempted to obstruct.  Because not all proceedings before Congress fall within the scope of 1512(c)(2) the specific proceeding must be identified in order to inform the Court and the defendant "with reasonable certainty, of the nature of the accusation against him" and to ensure that it falls within the conduct proscribed by the statute.  *See, Russell v. United States,* 369 U.S. 749, 776 (1962).

In *Russell*, the Court held that an indictment charging a defendant with refusing to answer questions before a congressional committee was insufficient and affirmed its dismissal because the indictment failed to allege the subject of the congressional committee's inquiry, an essential element of the offense. *Id.* at 771-72.  As the court noted "[w]here guilt depends upon such a specific identification of fact, our cases have uniformly held that an indictment must do more than simply

repeat the language of the criminal statute." *Id.* at 764.  Accordingly, the

indictment's failure to identify the subject under inquiry was "the violation of the

basic principle that the accused must be appraised by the indictment with

reasonably certainty, of the nature of the accusations against him…"   *Id.* at 766.

As these principles relate to 18 U.S.C. §1512(c), it has been held that an

indictment for obstruction under that section is insufficient when it fails to specify

what "official proceeding" was allegedly obstructed. *United States v. McGarrity,*

669 F.3d 1218, 1239-40 (11th Cir. 2021). In that case, the defendants were charged

by indictment with obstructing an official proceeding in violation of 18 U.S.C.

§1512(c).  *Id.* at 1239.  The indictment, however, did not specify what that official

proceeding was.  *Id.*  The court stated that this was insufficient to "apprise [] the

defendant[s] of what [charges they] must be prepared to meet." *Id.*

Count two of the indictment against Mr. Hughes suffers from the same

problem present in *Russell* and *McGarrity*.  Merely repeating the language of the

criminal statute allegedly violated, like *McGarrity,* fails to specify what official

proceeding before Congress was allegedly obstructed.  Such information is

necessary here because, like *Russell*, "the very core of the criminality" that the

statute proscribes depends on "a specific identification of fact" namely, what

"proceeding" Mr. Hughes allegedly obstructed or attempted to obstruct.  *Russell*,

369 U.S. at 764.  Without identifying the official proceeding that was allegedly

obstructed, no criminal charge, in violation of §1512(c) can be sustained.

Even if the indictment had specified that the proceeding before Congress

allegedly obstructed was the certification of the electoral college vote for the 2020

Presidential Election, the indictment still fails to state an offense because

§1512(c)(2) does not proscribe the obstruction of any and every proceeding held

by Congress.  Rather, it only applies to an "official proceeding" related to the

administration of justice—as opposed to a general governmental function.  It is

necessary, therefore, for the indictment to set out th*e* specific "official proceeding"

that Mr. Hughes allegedly obstructed that is related to the administration of justice.

## A. Congressional Certification of the Electoral College Vote Is Not an "Official Proceeding" Within the Scope of § 1512(c)

To determine legislative intent, courts "always begin with the text of the

statute."  *United States v. Barnes,* 295 F.3d 1354, 1359 (D.C. Cir 2002).

> It is elementary that the meaning of a statute must, in the first instance, be sought in the language in which the act is framed, and if that is plain…the sole function of the courts is to enforce it according to its terms."

*United States v, Hite,* 769 F.3d 1154, 1150 (D.C. Cir. 2014)(quoting

*Caminetti v. United States,* 242 U.S. 470, 485 (1917)(internal quotes

omitted).  A search for the meaning of the statute also includes "an

examination of the statute's context and history."  *U.S. v. Hite,* 769 F.3d at

1160.  Importantly, "due process bars courts from applying a novel construction of a criminal statute to conduct that neither the statute nor any prior judicial decision has fairly disclosed to be within its scope." *United States v. Lanier,* 520 U.S. 259, 268 (1997).

With respect to §1512, the Supreme Court has instructed lower courts to "exercise[] restraint in assessing the reach of [the]…statute both out of deference to …Congress… and out of concern that a fair warning should be given to the world in language that the common world will understand, of what the law intends to do if a certain line is passed[.]" *United States v. Arthur Anderson, LLP,* 544 U.S. 696, 703 (2005).  A review of the text, history and judicial interpretation of §1512, demonstrates that this statute, which punishes obstruction of "official proceedings" does not apply to the Electoral College certification.

### 1.  The Text of the Statute Suggests that An "Official Proceeding" is Judicial or Quasi-Judicial in Nature

Section 1512(c)(2) prohibits "corruptly…obstructing, influencing, or impeding any *official proceeding,* or attempting to do so." (emphasis added).  The definition of the term "official proceeding" in 18 U.S.C. §1515(a)(1) includes "a proceeding before the Congress" as well as proceedings before a court or grand jury.

While the term "proceeding" – as used in the lay sense and read in isolation – could possibly be read to include any official business done in Congress, its contextual placement suggests that Congress intended to use a "legal" definition of "proceeding" such as 1) "The regular and orderly progression of a lawsuit, including all acts and events between the time of commencement and the entry of judgment," 2) "Any procedural means for seeking redress from a tribunal or agency," or 3) The business conducted by a court or other official body; a hearing." *Black's Law Dictionary,* 1241 (8th Ed. 2004).

The surrounding statutory provisions in Chapter 73 support this interpretation. *See, NASDAQ Stock Mkt, LLC v. SEC,* 961 F.3d 421,426 (D.C. Cir. 2020)(quoting *Util. Air Regulatory Grp. V. EPA,* 573 U.S. 302, 321 (2014)("A statutory provision that may seem ambiguous in isolation is often clarified by the remainder of the statutory scheme because only one of the permissible meanings produces a substantive effect that is compatible with the rest of the law.")  Each one of the statutes contained therein proscribe obstructive conduct for very specific subjects and settings related to the administration of justice.  For instance, §1510 deals with obstruction of criminal investigations, §1516 through §1518 criminalizes obstruction of specific types of other investigations, §1503 and §1504 prohibits influencing or injuring a juror, §1513 prohibits retaliating against a witness, victim or informant, §1521 prohibits retaliating against a federal judge or

9

law enforcement officer by false claim or slander of title.  There is even a statute to prohibit "picketing or parading" near the residence of a judge, juror, witness, or court officer "with the intent of interfering with, obstruction, or impeding *the administration of justice."*  18 USC §1507 (emphasis added).  All these laws are related to the obstruction and serve to protect participants in the administration of justice.  It follows, therefore, that in order to violate §1512(c)(2) there must be some allegation that the "official proceeding" obstructed related to the administration of justice.

### 2.  The Legislative History Establishes That "Official Proceeding" is Judicial or Quasi-Judicial in Nature

The legislative history of §1512 confirms that it was enacted by Congress to punish obstructive acts designed to illegitimately affect the presentation of evidence in judicial or quasi-judicial hearings before courts, agencies, and Congress.   Section 1512 was passed in 1982 as part of the Sarbanes-Oxley Act but its origins go back to 1979 when Congress attempted to streamline, simplify and reorganize the federal criminal code.

In 1979 Senator Ted Kennedy and Senator Strom Thurmond co-sponsored the Criminal Code Reform Act of 1979, or Senate Bill 1722 ("S. 1722").  Styled as a bill "[t]o codify, revise, and reform title 18 of the United States Code," *id.,* S. 1722 is Congress's first attempt to pass what would later become 18 U.S.C. §1512.

S. 1722 included a proposed new obstruction of justice statute, § 1323 (1979

legislation) which provided:

> 1323 Tampering With a Witness, Victim, or an Informant
> (a)  OFFENSE.—A person is guilty of an offense if he—
>     (1) Uses force, threat, intimidation, or deception with intent to—
>         (A)    Influence the testimony of another person in an official
>                proceeding; or
>         (B)    Cause or induce another person to—
>             (i)     Withhold testimony, or withhold a record, document
>                     or other object from an official proceeding;
>             (ii)    Engage in conduct constituting an offense under
>                     section 1325 (Tampering With Physical Evidence);
>             (iii)   Evade legal process summoning him to appear as a
>                     witness, or to
>             (iv)    Absent himself from an official proceeding to which
>                     he has been summoned by legal process; or
>         (C)    Hinder, delay, or prevent the communication to a law
>                enforcement officer of information relating to an offense or
>                a possible offense;
>     (2) With intent to annoy, harm, or injure another person, hinders,
>         delays, prevents, or dissuades—
>         (A)    a witness or a victim from attending or testifying in an
>                official proceeding; or
>         (B)    a witness, victim, or a person acting on behalf of a
>                victim, from-
>             (i)     Making a report of an offense or a possible offense to
>                     a judge, a law enforcement officer, a probation
>                     officer, or an officer of a correctional facility;
>             (ii)    Causing a criminal prosecution, or a parole or
>                     probation revocation proceeding, to be soudht or
>                     instituted or assisting in such prosecution or
>                     proceeding; or
>             (iii)   Arresting, or causing or seeking the arrest of, a person
>                     in connection with an offense; or
>     (3)Does any act with intent to influence improperly, or to obstruct
>         or impair, the—
>         (A)    administration of justice

      (B)    administration of a law under which an official
             proceeding is being or may be conducted; or
      (C)    exercise of a legislative power of inquiry.

Criminal Code Reform Act of 1979 (S.B. 1722, 96th Cong. §1323 (1979).  It is

clear that this 1979 legislation served as a model for what would later become 18

USC §1512 beginning with the identical titles "Tampering with a Witness, Victim,

or an Informant."  Additionally, the 1979 legislation, like §1512 makes multiple

references to the term "official proceeding" and eliminated the "pending

proceeding" requirement.[2]

      Further §1512(b)(1)-(3) and (d)(1)-(4), which passed as part of the original

§1512 in 1982, were respectively drawn from the 1979 bill's subsections (a)(1)(A)-

(C) and (a)(2)(A)-(B).  Section 1512(c)(1)'s text, the subject of the *Arthur

Anderson* case, was copied from a proposed 1979 evidence tampering statute

(§1325), which is cross referenced in the 1979 legislation's subsection

(a)(1)(B)(ii).  Section 1512(c)(2), which was added to §1512 as part of Sarbanes-

Oxley in 2002, bears a striking resemblance to the 1979 legislation's "residual

clause" found in subsection (a)(3).  In short, the statutory model for §1512 traces

back to Congress's 1979 failed attempt to pass a new obstruction of justice statute.

---

[2] Criminal Code Reform Act of 1979, S.B. 1722, 96th Cong. §1323(d)(1) (1970)("It
is not a defense to a prosecution …that…an official proceeding was not pending or
about to be instituted[.]").

Unlike §1512 and §1515, the 1979 legislation included a detailed definition as to what Congress meant when it used the term "official proceeding" in relation to obstruction of justice.  Section 111 of the proposed 1979 legislation defined for purposes of §1323 the term "official proceeding" as follows:

> 'official proceeding' means a proceeding convened pursuant to lawful authority, or a portion of such a proceeding, that is or may be heard before (a) a government branch or agency, or (b) a public servant who is authorized to take oaths, including a judge, a chairman or a Member of Congress authorized by a legislative committee or subcommittee, a bankruptcy judge, an administrative law judge, a hearing examiner, and a notary[.]

Criminal Code Reform Act of 1979, S.B. 1722, 96th Cong. 111(1979).

As used in the 1979 legislation "official proceeding" applied to administrative, judicial and congressional hearings.  Instead of routine business, an "official proceeding" was a "proceeding" that was "convened."  When used in a legal context and as a transitive verb "to convene" means "to summon before a tribunal," "to order to appear before a court of law, judge, tribunal, etc," or to "summon before a court of law."  Specifically with respect to Congress, subsection (b) of the 1979 legislation referred to "a chairman" or "Member of Congress" who is "authorized to take oaths" at "legislative committee or subcommittee."  In short, the definition of "official proceeding" as used in the model for what would three years later become §1512 and §1515(a)(1)(B) suggests that Congress intended the term "official proceeding" as used in §1515(a)(1)(B) to be limited to congressional

inquiry hearings.  Clearly, Congress intended that the "proceedings" protected by §1512, including "proceedings before the Congress," are adjudicatory or inquisitive in nature, requiring investigations, due process, sworn testimony, and document production.[3]

### 3.  Case law supports that the term "Official Proceeding" Is Judicial or Quasi-Judicial in Nature

*Ermoian v. United States* is one of the first appellate decisions to consider the meaning of "official proceeding" as that term is used in 1512(c) and defined in Section 1515.  *See, Ermoian,* 752 F.3d 1165, 1168 (9th Cir. 2013).  ("Our circuit has never before addressed the meaning of the term 'official proceeding' as used in the obstruction of justice statute at 18 U.S.C. § 1512.")  Although that case considered whether a criminal investigation by the FBI was considered an official proceeding for purposes of the statute, the court noted, "[a]s used in the statute, the definition of the phrase 'official proceeding' depends heavily on the meaning of the word proceeding." *Id.*  at 1169.

The court stated the "[s]everal aspects of the definition for 'official proceeding' suggest that the legal—rather than the lay—understanding of the term

---

[3]  Further proof that §1512 is aimed at protecting the fact-finding process inherent in judicial and quasi-judicial proceedings is that it was passed as part of the Victim and Witness Protection Act of 1982 ("VWPA"), which was enacted by Congress for the purpose of "[e]nhanc[ing] and protect[ing] the necessary role of crime victims and witnesses in the criminal justice process."  VWPA, Pub.L.No. 97-291§2, 96 Stat. 1248 (1982).

'proceeding' is implicated in the statute." *Id.* "Moreover, when used to define 'official proceeding' "the court pointed to the fact that "the word 'proceeding' is surrounded with other words that contemplate a legal usage of the term, including 'judge or court,' 'Federal grand jury,' 'Congress' and 'Federal Government agency.'" *Id.*

The Court considered the broader statutory context, looking at §1515 as a whole, noting that "[t]he use of the preposition 'before' suggests an appearance in front of the agency sitting as a tribunal." *Id.* at 1171. The court looking to another circuit court's interpretation of the phrase "official proceeding" noted that "[a]s the Fifth Circuit explained when addressing this same definition, 'use [of] the preposition 'before' in connection with the term Federal Government agency' …implies that an 'official proceeding' involves some formal convocation of the agency in which parties are directed to appear." *Id.* In conclusion, the court considered "the plain meaning of the term 'proceeding,' its use in the grammatical context of the 'official proceeding' definition, and the broader statutory context" to hold that a criminal investigation is not an "official proceeding" under §1512(c).

The interpretation, reasoning and logic applies by the court there equally applies here. Looking at §1512 as a whole, it is obvious that the statute solely prohibits conduct that affects the administration of justice. The statute repeatedly references "proceedings" in the context of investigations and legal proceedings

related to a criminal investigation.  *Id.*   Even the title of the offense relates to "Tampering with a witness, victim, or an informant." *Id.*

This interpretation is consistent with the case law that has clarified the meaning of the statutory language at issue here.  *See, United States v. Burge,* 711 F.3d 803, 809 (7th Cir. 2013)(considering application of §1512 and noting "[o]bstruction of justice occurs when a defendant acts to impede the types of proceedings that take place before judges or grand juries.") [4]

There is little doubt based on the language of the statute, its legislative history and case law that the official "proceeding before Congress" that Mr. Hughes is accused of obstructing must relate to the administration of justice. Because the certification of the electoral college vote does not relate to the

---

[4] This interpretation is even consistent with the Department of Justice's own view as reflected in its Criminal Resources Manual discussing the application of §1512:

> Section 1512 of Title 18 constitutes a broad prohibition against tampering with a witness, victim or informant.  *It proscribes conduct intended to illegitimately affect the presentation of evidence in Federal proceeding or the communication of information to Federal law enforcement officers.*

Criminal Resource Manual, CRM 1729, Department of Justice (available at https://www.justice.gov/archives.jm/criminal-resource-manual-1729-protection-government-processes-tampering-victims-witnesses-or)(emphasis added).

administration of justice it is not an "official proceeding" before Congress within the meaning of §1512(c)(2) and §1515 and Count Two must be dismissed.

## CONCLUSION

This is undoubtedly a case of the Government overcharging a person for conduct that is more specifically proscribed elsewhere.  Mr. Hughes is charged in Count Three with destruction of government property in violation of 18 U.S.C. §1361; Count Four with violating §1752(a)(1) which prohibits entering and remaining in a restricted building or grounds; Count Five for violating Section §1752(a)(2) which prohibits a person from "knowingly and with intent to impede or disrupt the orderly conduct of Government business or official functions, engages in disorderly or disruptive conduct in, or within such proximity to, an restricted building or grounds when, or so that such conduct, in fact, impedes or disrupts the orderly conduct of Government business or official functions." Additionally, Mr. Hughes is charged with violating various section of Title 40 U.S.C. §5104(e)(2) for entering and remaining on the floor of Congress; entering and remaining in certain rooms in the Capitol Building; violent entry and disorderly conduct on Capitol Grounds or within the Capitol Building and parading, demonstrating or picketing in a Capitol Building.  These statutes adequately prohibit the conduct that Mr. Hughes is accused of engaging in.

Respectfully submitted,


_/s/_____
Jonathan Zucker, #384629
37 Florida Avenue, NE, #202
Washington, DC  20002
(202) 624-0784
jonathanzuckerlaw@gmail.com

*Counsel for Defendant Jerod Hughes*

## CERTIFICATE OF SERVICE

I certify that on this 30th day of August, 2021, I caused the foregoing to be electronically filed with the court using the CM/ECF system that will electronically serve the following registered user:

Hava Mirell
Assistant United States Attorney
555 Fourth Street, N.W.
Washington, DC  20530
Hava.mirell@usdoj.gov


_/s/_____
Jonathan Zucker