**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

UNITED STATES OF AMERICA,

v.

JEROD HUGHES,

Defendant.

Hon. Timothy J. Kelly
Criminal No. 21-106 (TJK)

**DEFENDANT'S MOTION FOR MODIFICATION OF**
**OF PRETRIAL ORDER REGARDING CONDITIONS OF RELEASE**

Defendant by and through undersigned counsel, respectfully moves this Court, pursuant to the Bail Reform Act of 1984, 18 U.S.C. 3141 et seq., to amend the current order regarding conditions of release. Particularly defendant is requesting that the Court remove the condition that defendant be required to wear a GPS ankle monitor and modify the home detention provision to accommodate the changing schedule of defendant's work situation.  Defendant seeks these modifications primarily to alleviate the financial burden on himself and his family.

Defendant is currently being supervised under courtesy supervision in the District of Montana. Undersigned counsel has contacted Mr. Hughes' Pretrial Supervision Officer, Derek Estep.  Mr. Estep has advised that there is no indication nor evidence that defendant poses a danger to any other

person  nor any organization. Similarly there is no indication defendant presents a risk of flight.(derek_estep@mtp.uscourts.gov; 406-441-1165) Mr. Estep advises that the defense may make those representations to the court. Mr. Estep has been supervising defendant since his release, approximately 6 months.

The current conditions of release place a substantial financial burden on Mr. Hughes and his family, both by the ongoing costs of the monitor and the reduction of his ability to earn additional income. Mr. Hughes is the sole financial provider for his family. His wife is disabled and unable to work. They face a mounting stack of medical debt. It currently costs Mr. Hughes approximately $130 per month for the GPS ankle monitor. For a single-income household that is struggling to meet the financial demands of daily life and overwhelming medical debt, continuing these payments is a severe hardship.

The current conditions of release preclude Mr. Hughes from opportunities to earn additional income. Mr. Hughes currently works in construction as a Steel Building Erector. He normally works Monday – Thursday,  10 hour shifts, 4 days a week. He currently fills out an expected work schedule including work sites at the beginning of each week. This sis

submitted to pretrial. However, due to shortages of materials and supplies, his employer frequently seeks to modify those schedules and locations. It is not uncommon for a work site to be shut down but an opportunity to arise for an out-of-town work site to arise. In order to work on the out of town site, due to distance,  Mr. Hughes would have to stay in a hotel overnight. Mr. Hughes is required by the conditions of release to stay in his home, consequently he is not able to work on out of town jobsites.  He is requesting that the conditions of release be modified so that, when his employer presents an opportunity for out of town work, he be permitted to travel out of town for work conditioned on his notifying his Pre-trial supervisor of the details of the out of town travel.

These opportunities require a quick response and commitment from Mr. Hughes or else he is unable to join the project and loses the opportunity for additional income. Mr. Hughes has unfortunately had to miss several of these opportunities over the past several months because of the home confinement condition of his release.

If the court is not willing to remove the home detention requirement, Mr. Hughes requests that he be permitted to travel out of town and stay out of town overnight in connection with work so long as he notifies Pretrial Officer Estep when this occurs, including notifying where he will be working

and staying while away for work.

In addition to the financial strain caused by the current conditions of release, there is also substantial physical pain. Mr. Hughes' work requires him to wear steel toed ankle-height boots as a safety precaution. The GPS ankle monitor does not sit comfortably within or against the boots, causing it to apply strong pressure against his ankle and leg throughout the day. This pain and discomfort increases during a ten (10) hour shift of demanding physical labor. Mr. Hughes is forced to deal with the extreme pain that has been growing throughout the day. Then, he has to deal with the anxiety of knowing that he will have to force himself to endure the same pain every day as he prepares for work. It is a vicious cycle of pain, but Mr. Hughes must continue to put himself through it in order to scrape by financially for his family.

Mr. Hughes has proven reliable and consistent over the last several months with his compliance and open communication with Pretrial Officer Estep. Mr. Hughes' request is narrowly tailored towards allowing him to better provide financially for his disabled wife and family. The prospect for additional income opportunities is not a theoretical possibility; it is an extension of his existing employment that he has repeatedly been required to turn down. Modification of conditions would permit Mr. Hughes to increase

his efforts towards doing exactly what we would like to see from every defendant in this court – contribute positively to society and provide stability for his family.

**WHEREFORE** for the foregoing reasons, and any others which may appear at a hearing on this matter, if the Court deems a hearing warranted. The defense respectfully requests that defendant's condition of release be modified to remove the GPS monitoring requirement and adjust home detention restrictions to accommodate out-of-town work opportunities. All other aspects of the Conditions of Release remain the same.

Respectfully submitted,

_____/s/_____
Jonathan Zucker # 384629
37 Florida Av. NE
Suite 200
Washington, DC  20002
(202) 624-0784
jonathanzuckerlaw@gmail.com
Counsel for Jerod Hughes

**CERTIFICATE OF SERVICE**

I certify that on September 2, 2021, I caused a copy of the foregoing Memorandum  to be filed with the Clerk using the CM/ECF System which will send notification of this filing to all parties.

Courtesy copies were sent by email to the assigned AUSA and pretrial service officer.

_____/s/_____

Jonathan Zucker