UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA

     v.                         Crim. No. 21-cr-106 (TJK)

JEROD HUGHES

        Defendant.

## REPLY TO THE GOVERNMENT'S
## OPPOSITION TO DEFENDANT'S MOTION TO DISMISS
## COUNT TWO:  OBSTRUCTION OF AN OFFICIAL PROCEEDING

The government incorrectly claims that the "defendant offers no rationale for looking past the statute's plain text to reach for other interpretative tools." Opp., 16.  To the contrary, the rationale is simply that the plain text of the statute is reasonably susceptible to more than one meaning.

Indeed, the government admits that the term "official proceeding" is defined "circularly" and that what qualifies as an "official proceeding" under the statue "depends heavily on the meaning of the word 'proceeding.'" Opp, 13. "Proceeding" could be interpreted generally, as the government suggests, to include any action or series of actions before Congress.  *Id.*  It could also be construed in its narrower, technical sense as a legal action or process.  *United States v. Ermoian,* 752 F.3d 1165, 1169-1170 (9th Cir. 2013)(recognizing that the term proceeding has both a general and more technical meaning.)

When interpreting a statute that is reasonably susceptible to more than one meaning, the district court must discern the objective sought by Congress in enacting it. *United States v. Safehouse*, 408 F. Supp. 3d 583, 585 (E.D. Pa. 2019). Doing so includes not only consideration of the plain text, but also the surrounding words and phrases, the broader statutory context and legislative history. *United States v. Villanueva-Sotelo*, 515 F.3d 1234, 1237 (D.C. Cir. 2008)(if we find the statutory language ambiguous, we look beyond the text for other indicia of congressional intent.)  Looking beyond the plain text of 1512(c)(2), it is clear that count two of the indictment does not state an offense.

Looking to the surrounding words and phrases and the broader statutory context, the most plausible reading of § 1512(c), is that subsection (2)'s language --"otherwise obstructs, influences or impedes any official proceeding, or attempts to do so" -- encompasses only those acts or attempts that have the same kind of obstructive impact as the listed forms of obstruction that precede it. Those acts include "prevent[ing] the attendance or testimony of any person in an official proceeding"; "prevent[ing] the production of a record, document, or other object, in an official proceeding"; and "be[ing] absent from an official proceeding to which that person has been summoned by legal process." *U.S. v. Ermoian,* 752 F.3d at 1171–72 (quoting 18 U.S.C. §§ 1512(a)(1)(A)-(B), (a)(2)(B)(iv)."

William Barr, former United States Attorney General, advanced this position when he wrote that the,

> language in clause (c)(2) encompasses any conduct even if not specifically described in §1512 that is directed at proceeding's truth finding function through actions impairing the integrity and availability of evidence.

*See,* Memorandum from William Barr to Deputy Attorney General Rod Rosenstein and Assistant Attorney General Steve Engel, June 8, 2018 available at

http://s3.documentcloud.org/documents/5638848/June-18-2018-Barr-Memo-to-DOJ-Mullers-Obstruction.pdf.

Barr reasoned that,

> [I]t is clear that use of the word 'otherwise' in the residual clause expressly links the clause to the forms of obstruction specifically defined elsewhere in the provision.  Unless it serves that purpose, the word 'otherwise' does no work at all and is mere surplusage. [An] interpretation of the residual clause as covering any and all acts that influence a proceeding reads the word 'otherwise' out of the statute altogether.

*Id.*

Additionally, §1512's "use of the terms 'attendance', 'testimony', 'production', and 'summoned'", as noted by the Ninth Circuit, "strongly implies that some formal hearing before a tribunal is contemplated." *U.S. v. Ermoian,* 752 F.3d at 1172.   This interpretation is supported by §1515's definition of "official proceeding," as a "proceeding before a judge or court…before the Congress … [or] before a Federal Government Agency."  §1515(a)(1)(A)-(C).  Interpreting the

3

statute in the context of a proceeding before a federal government agency, the Fifth

Circuit ruled that

> use [of] the preposition 'before'... implies that an 'official proceeding'
> involves some formal convocation of the agency in which parties are
> directed to appear.

*United States v. Ramos,* 537 F.3d 439, 462-63 (5th Cir. 2008), See also, *U.S. v.*

*Ermoian,* 752 F.3d at 1170–71("use of the preposition 'before' suggests an

appearance in front of the agency sitting as a tribunal.")

The conduct alleged in the indictment involves no action impairing the

integrity or availability of evidence since Congress' responsibility to certify the

electoral college vote is not a truth finding function but a counting function.  It

simply cannot be equated with a tribunal in which parties are directed to appear.  It

involves no formal investigation or determination of fact; no person is directed to

appear and give testimony and it has little to no discretion in carrying out its

obligation to count the votes.

Nevertheless, the government places great weight on the formality

surrounding the certification proceeding as provided for in the constitution and

Electoral College Act (ECA) codified at 3 U.S.C. §§5-6, 15-18.  Opp., 14.  Mr.

Hughes does not dispute these formalities.  However, they are regarded primarily

as ministerial acts.  *See* Vasan Desavan, *Is the Electoral Count Act*

*Unconstitutional*, 80 N.C. L. REV. 1653, 1659 (2002) ("The counting function

appears to be a ministerial duty of tabulation imposed by the Constitution because each of the electoral colleges meet in their respective states instead of at some central location.")  Nothing in the Constitution or the ECA requires the Joint Session of Congress to call for witnesses to bring forth testimony or other evidence to carry out its counting function.

Even if this court rejects Barr's conclusion that the statute applies only to proceedings involving a truth finding function, it is left with the fact that the statute was never meant to address a situation as the one presented here.  The statute was enacted as part of the Sarbanes-Oxley Act in which "Congress trained it attention on corporate and accounting deception and coverups."  *Yates v. United States,* 574 U.S. 528, 532 (2015).  The Act was created to "provide for criminal prosecution and enhanced penalties of persons who defraud investors of publicly traded securities or alter or destroy evidence in certain Federal investigations." S. Rept. No. 107-146 at 2 (2002).  This arguably includes Congress' own ability to investigate such illegal activity.

The government claims that the text of §1515 supports its interpretation because if Congress wanted to limit "a proceeding before Congress" to a Congressional investigatory hearing, it could have done so, but did not.  Opp., 16. What the government overlooks is that § 1515's definition of "official proceeding" as a "proceeding before the Congress" was enacted prior to 1512(c) as part of the

Victim and Witness Protection Act of 1982.  See, Pub. L. 97-291 § 4(a) Oct. 12,

1982, 96 Stat. 1252.  That bill originally created §1512 and used what was

intended to be §1514 to define terms including "official proceeding." U.S. Senate.

Judiciary Committee.  *Victim and Witness Protection Act of 1982* (S. Rpt. 97-532)

at 14, 22.  In discussing the interplay between a proposed broad residual clause in

§1512 and definition of "official proceeding" the legislation intended to make it an

offense if "a person corruptly, by threats of force, or by any threatening letter or

communication, intentionally influenced, obstructs or impedes or attempts to

obstruct or impede the *enforcement and prosecution of Federal law*, under which

an official proceeding is being conducted or, the *exercise of the legislative power*

*of inquiry." Id.* at 17 (emphasis added).  The proposed broad residual clause was

ultimately removed from the legislation.[1]  *United States v. Poindexter,* 951 F.2d

369, 403 (D.C. Cir. 1991).  The definition of "official proceeding" however,

remained intact and was moved to its current location § 1515.  Because §1515 was

meant to apply solely to the protection of witnesses who brought forth evidence as

part of the administration of justice, the fact that it included a proceeding before

Congress as part of the definition of "official proceeding," suggests that Congress

---

[1] The *Poindexter* court quoted Senator John Heinz' explanation that it was taken
out "as beyond the legitimate scope this witness protection measure" and "is
probably duplicative of obstruction of justice statutes already in the books."  *U.S.*
*v. Poindexter,* 951F.3d 369, 403 (D.C. Cir. 1991)(citing 128 Cong. Rec. 26,810
(1982).

did so only with the intention of that protection applying when evidence was presented to it as an "exercise of legislative power of inquiry."  S. Rpt. 97-53 at 17. When §1512(c) was enacted in 2002, Congress chose not to expand the definition in §1515 of "official proceeding."

The events of January 6, 2021, while unprecedented in many ways, do not justify the government's attempts to prosecute Mr. Hughes for conduct the statute was not intended to reach.  Accordingly, Count Two should be dismissed.

Respectfully submitted,


_/s/_____
Jonathan Zucker, #384629
37 Florida Avenue, NE, #200
Washington, DC  20002
(202) 624-0784
jonathanzuckerlaw@gmail.com

*Counsel for Defendant*

CERTIFICATE OF SERVICE

I certify that on this 3rd day of October, 2021, the foregoing was electronically served using the court's CM/ECF system to the following registered user:

AUSA Hava Mirell
hava.mirell@usdoj.gov


_/s/_____
Jonathan Zucker

7