# EXHIBIT A

```
                BEFORE THE UNITED STATES DISTRICT COURT
                     FOR THE DISTRICT OF COLUMBIA


UNITED STATES OF AMERICA,       .
                                .   Case Number 21-cr-32
         Plaintiff,             .
                                .
    vs.                         .
                                .
GUY WESLEY REFFITT,             .   March 8, 2022
                                .   9:30 a.m.
         Defendant.             .
- - - - - - - - - - - - - - - -


                    TRANSCRIPT OF JURY TRIAL
              BEFORE THE HONORABLE DABNEY L. FRIEDRICH
                    UNITED STATES DISTRICT JUDGE



APPEARANCES:

For the United States:      JEFFREY NESTLER, AUSA
                            RISA BERKOWER, AUSA
                            United States Attorney's Office
                            555 Fourth Street Northwest
                            Washington, D.C. 20530

For the Defendant:          WILLIAM WELCH, III, ESQ.
                            5305 Village Center Drive
                            Suite 142
                            Columbia, Maryland 21044




Official Court Reporter:    SARA A. WICK, RPR, CRR
                            333 Constitution Avenue Northwest
                            U.S. Courthouse, Room 4704-B
                            Washington, D.C. 20001
                            202-354-3284


Proceedings recorded by stenotype shorthand.
Transcript produced by computer-aided transcription.
```

Case 1:21-cr-00106-TJK   Document 65-1   Filed 04/18/22   Page 3 of 6

1502

1  Capitol.

2  He also acted with an unlawful purpose to physically over-
3  throw Congress, and he expressed this clear purpose on numerous
4  occasions before, during, and after January 6.  Mr. Reffitt
5  repeatedly said that the government would be destroyed in the
6  fight and that he wanted to drag lawmakers out of the Capitol by
7  their heels with their heads hitting every step.

8  Lastly, a reasonable jury could find that Mr. Reffitt acted
9  with consciousness of wrongdoing.  Despite his stated view that
10  his actions were justified and protected by the Constitution, he
11  knew, as he acknowledged, that the Capitol police officers were
12  faithfully doing their jobs when they ordered them to retreat.
13  Yet, he continually refused their orders.  He also acknowledged
14  many times his violation of D.C. gun laws.

15  A jury could reasonably interpret all of his statements as
16  demonstrating his awareness that his actions were wrong.

17  For those reasons, the Court finds that a rational jury
18  could find that the government has proven all the elements of
19  the charged offenses beyond a reasonable doubt.

20  As Mr. Welch mentioned, last night, another judge in this
21  district issued an opinion dismissing the Section 1512(c)(2)
22  charge in another case, *United States v. Miller*, 21-cr-119.

23  Again, I do anticipate briefs being filed on this issue
24  with respect to the upcoming motion or motions, and I look
25  forward to reviewing them.  But based on what I've read so far,

1  I'm not inclined to reconsider my earlier ruling.

2       Once the issue has been fully briefed, I will provide my
3  reasons in greater detail, but for now, let me state that I'm
4  not inclined to follow *Miller*, because as I explained in
5  *Sandlin*, the plain meaning of the words "obstruct," "impede,"
6  and "influence" are broad and encompass all sorts of actions
7  that affect or interfere with official proceedings, including
8  interfering with the evidence that may be considered in an
9  official proceeding or halting the occurrence of the proceeding
10 altogether.

11      And in my view, the plain meaning of the word "otherwise,"
12 which is defined as "any different way or manner, differently,
13 in different circumstances, under other conditions, in other
14 respects."  See *Miller* opinion at 11, quoting Webster's Third
15 New International Dictionary of the English Language Unabridged
16 2002.

17      That definition does nothing to limit the expansive meaning
18 of Section 1512(c)(2)'s verbs.  Rather, the word "otherwise"
19 simply indicates that a defendant violates Section 1512(c)(2) by
20 corruptly obstructing or impeding a proceeding in a manner or
21 respect that is different than altering or concealing documents.

22      Moreover, I don't believe that the Supreme Court's decision
23 in *Begay* alters this conclusion.  The *Begay* Court expressly
24 indicated that its interpretation of the word "otherwise" was
25 not the only permissible one.  See *Begay v. United States*,

1   553 U.S. at 144.

2        The Court held that a violent felony that otherwise
3   involves conduct that presents a serious physical risk of injury
4   to another must be similar in kind to the example crimes listed
5   before that catchall clause.  That's *Begay* at 142.

6        But the *Begay* Court also recognized that "otherwise" in
7   other contexts could instead be interpreted as a link to what
8   follows the word as opposed to what comes before.  *Begay* at 144.

9        And Section 1512(c) presents a sufficiently different
10  context such that I don't believe *Begay* controls here.

11       First, the two statutes are structured differently, with
12  Section 1512(c)(2) housed in a separate subsection as opposed to
13  the same sentence.  Second, *Begay* found that the examples listed
14  in the Armed Career Criminal Act were insufficiently similar
15  with respect to the serious physical risk of injury that they
16  pose, such that the other violent felonies must be similar to
17  those examples beyond their degree of risk.  *Begay* at 142
18  through 143.

19       By contrast, the actions covered by Section 1512(c)(1) can
20  each obstruct, impede, or influence a proceeding.  So Section
21  1512(c)(2)'s residual clause can simply cover any different
22  manner of obstructing, impeding, or influencing.

23       Plus, the *Begay* Court relied on the particular statutory
24  history of ACCA, which is not replicated here.  *Begay* at 143
25  through 144.

1         The Court's interpretation admittedly creates
2    superfluities, but as I explained in *Sandlin*, the same is true
3    for a narrowing construction that covers only acts affecting
4    evidence.  See *Sandlin* opinion at 14 through 15.
5         Finally, the rule of lenity is inapplicable here.  The rule
6    applies only when a statute is ambiguous after seizing
7    everything from which aid can be derived.  *Ocasio v. United*
8    *States*, 578 U.S. at 295, Note 8, quoting *Muscarello v. United*
9    *States*, 524 U.S. at 138 through 139.
10        The Supreme Court has underscored that point through its
11   repeated use of the phrase "grievous ambiguity."  See
12   *e.g., Shaw v. United States, 580 U.S. at 71, Salman v. United*
13   *States*, 580 U.S. at 51.
14        As Justice Kavanaugh summarized current Supreme Court
15   precedent in an opinion released just yesterday, a Court must
16   first exhaust all the tools of statutory interpretation and
17   determine the best reading of the statute before the rule of
18   lenity comes into play and only then when the Court has
19   identified a grievous ambiguity.  See *Wooden v. United States*,
20   Slip Opinion at 2, Kavanaugh concurring.
21        That is not the case here.  So this is not one of those
22   rare situations where lenity comes into play.
23        All right.  So for all those reasons, I will deny for now
24   the defense Rule 29 motion.
25        In terms of sentencing, we're looking roughly 90 days out,